UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DENISE YELDELL-JOHNSON, | ) | No. ED CV 07-01408-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.

1   Plaintiff raises the following issues:
2   1.   Whether the Administrative Law Judge ("ALJ") properly
3        considered Plaintiff's treating physician's opinion;
4   2.   Whether the ALJ properly held Plaintiff has no severe mental
5        impairment;
6   3.   Whether the ALJ properly considered lay witness testimony;
7   4.   Whether the ALJ complied with the Appeals Council's remand
8        order to develop the record regarding Plaintiff's computer
9        training; and
10  5.   Whether the ALJ posed a complete hypothetical question to
11       the vocational expert ("VE").

**I**

**THE ALJ PROPERLY CONSIDERED THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN AND THE MEDICAL EVIDENCE REGARDING MENTAL HEALTH ISSUES**

In Plaintiff's first denominated issue, she asserts that the ALJ failed to at all consider a Work Capacity Evaluation ("Evaluation") dated January 8, 2004 of her treating physician, Dr. Yakira. (AR 393-394.) Indeed, Dr. Yakira's check-off form indicated both "marked" and "extreme" limitations in literally all of the pertinent mental health areas.

The decision in this case (AR 12-21) followed a hearing based upon a remand order of the Appeals Council. (AR 69-71, 515-538.) The previous decision of the same ALJ, dated July 19, 2004, is in the record. (AR 31-38.)

In the prior decision, the ALJ directly addressed Dr. Yakira's January 8, 2004 Evaluation. (AR 36.) The ALJ found there was not the "slightest foundation for such grossly exaggerate [sic] lack of

1 function." (AR 36.)

2 In the subsequent decision, the ALJ specifically stated that his evaluation of the medical evidence contained in the July 19, 2004 decision was incorporated by reference. (AR 15.) Consequently, Plaintiff's argument that the ALJ failed to consider Dr. Yakira's opinion is not well taken.

7 Similarly, Plaintiff's argument that the ALJ did not properly determine that she has no severe mental impairment is without merit. Plaintiff again cites Dr. Yakira's Evaluation of January 2004. (JS 9.) Plaintiff fails to note, however, the ALJ's reliance on the October 17, 2005 report of psychiatric consultative examiner ("CE") Dr. Rodriguez. (AR 19, 440-446.) Dr. Rodriguez conducted a complete psychiatric examination, including a mental status examination, and determined that Plaintiff had significantly improved in her functioning, is basically stable on her antidepressant medication, and that she has no functional limitations from a psychiatric standpoint. (AR 440-446.) In combination with the conclusions of the State Agency psychiatrists, these opinions provided substantial evidence to support the ALJ's evaluation.

20 Thus, the ALJ did not err in finding that Plaintiff has no severe mental impairment.

**II**

**THE ALJ PROPERLY CONSIDERED LAY WITNESS TESTIMONY**

Plaintiff contends that the ALJ failed to consider the Daily Activities Questionnaire dated May 27, 2003 of Dexter Johnson, identified as her husband. (JS 11, AR 131-135.) Again, as with the report of Dr. Yakira, Plaintiff fails to acknowledge that in the

3

original decision, this lay witness opinion was extensively discussed and considered. (AR 36-37.)  Since the second decision specifically incorporated the ALJ's evaluation as contained in the original decision, Plaintiff's contention is unsupported by the record. Moreover, the remand order of the Appeals Council did not mandate reconsideration of this evidence. (AR 69-71.)

### III

**THE ALJ COMPLIED WITH THE APPEALS COUNCIL'S REMAND ORDER TO DEVELOP THE RECORD REGARDING THE EXTENT OF PLAINTIFF'S COMPUTER TRAINING**

In her fourth issue, Plaintiff contends that the ALJ failed to obtain evidence of her computer training, as mandated by the remand order of the Appeals Council. (JS 15, AR 69-71.)  This contention is unsupported by the record.  At the subsequent hearing, the ALJ extensively examined Plaintiff regarding her computer training, after the issue was raised by Plaintiff's counsel. (AR 533-535.)  Indeed, an entire page of the hearing transcript is devoted to this discussion. Plaintiff does not contend that she was unable to explain the extent of her training to the ALJ.  Indeed, her own attorney stated that she went through computer network training in the year 2000.  The Court does not understand what further development of the record could have accomplished in the absence of any assertion by Plaintiff that she had undertaken any additional training other than the computer training in the year 2000 which she extensively discussed with the ALJ.

### IV

**THE ALJ POSED A COMPLETE HYPOTHETICAL TO THE VE**

Plaintiff contends that the ALJ's hypothetical questions to the

4

VE (JS 17-18, AR 535) are incomplete because they fail to set forth Plaintiff's mental limitations and also the limitations described by the lay witness (Issues 2 and 3). The Court has already determined that there were no shortcomings in the ALJ's analysis of these issues. The ALJ complied with the requirement that all found limitations and restrictions must be incorporated in the hypothetical question. See Embry v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988).

Further, the ALJ here determined that at Step Four of the sequential evaluation, Plaintiff could return to her past relevant work. (AR 20-21.) Thus, there was no necessity to obtain the testimony a VE.

For the foregoing reasons, the decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: October 8, 2008                   /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

5